**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0076-17T2

HENRY J. KOLOS, JR.,

    Plaintiff-Appellant,

v.

TIKAL, LLC,[1]

    Defendant,

and

NG LANDSCAPING, LLC,

    Defendant-Respondent.

_____

Submitted August 7, 2018 — Decided August 10, 2018

Before Judges Sabatino and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Docket No.
L-3012-15.

Begelman & Orlow, PC, attorneys for appellant
(Jordan R. Irwin, on the brief).

Law Offices of Terkowitz & Hermesmann,
attorneys for respondent (Patrick D. Heller,
on the brief).

PER CURIAM

_____

[1] Improperly pled below as TIKAL Company.

Plaintiff Henry J. Kolos, Jr. appeals from the trial court's May 25, 2017 order granting summary judgment to defendant NG Landscaping, LLC, in this slip and fall case. We affirm, substantially for the reasons set forth in the oral decision by Judge Anthony M. Pugliese.

Plaintiff claims that on February 6, 2014, he slipped and fell on black ice while he was in his employer's parking lot. Plaintiff was employed as a "route salesman" by Entenmann's, a supplier of bakery products. Co-defendant Tikal performed snow removal for Entenmann's on the site pursuant to an unwritten agreement.

After originally suing only Tikal, plaintiff filed an amended complaint naming NG Landscaping as a co-defendant. In May 2017, the trial court granted NG Landscaping's motion for summary judgment. Default judgment was entered against Tikal on July 21, 2017.

The motion judge was persuaded from the summary judgment record that there was no proven obligation on the part of NG Landscaping to perform snow or ice removal services at the property on or around the date of plaintiff's fall. On appeal, plaintiff claims there were genuine issues of material fact that precluded summary judgment in favor of NG Landscaping. We disagree, even

viewing the record in a light most favorable to plaintiff. <u>R.</u> <u>4:46-2</u>; <u>IE Test, LLC v. Carroll</u>, 226 N.J. 166, 184 (2016); <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995).

As described in the deposition testimony, the responsibility to provide snow removal at the Entenmann's property was triggered whenever there was a snowfall of two inches or greater. There was no agreement by either Tikal or NG Landscaping to perform "ice watch" functions, or to monitor the property for "freeze, thaw, and refreeze" conditions.

For purposes of the summary judgment motion only, NG Landscaping did not dispute it could be vicariously liable for snow removal at the property through its relationship with Tikal. However, NG Landscaping had no obligation to attend to the property after the February 4 snowfall and before plaintiff's fall occurred on February 6. That is because there was no additional snowfall over two inches during that interval and Entenmann's agreement did not include an "ice watch" or the monitoring of thaw and refreeze conditions.

Plaintiff proffered no competent evidence presenting any genuinely disputed material fact about the terms of the snow removal agreement. Plaintiff asserts his counsel should have been allowed to cross-examine representatives of Tikal and NG Landscaping at a trial and allow jurors to assess their

A-0076-17T2

credibility. The Entenmann's representative who allegedly made the agreement with Tikal, whether with or without NG Landscaping's knowledge, is now deceased.

Plaintiff put forth conjecture and speculation, rather than evidence, to dispute the proof that the agreement with Entenmann's was limited to snow removal for snow falls of two inches or greater. Nor did plaintiff retain an expert to testify that the snow removal work performed on February 4 was done negligently.

Plaintiff stresses that he would testify at a trial that there was no salt or sand in the parking lot on the date of his fall. That is beside the point, because it assumes NG Landscaping had a duty to apply such treatments on or before the date of his fall. Plaintiff has produced no evidence that Tikal or NG Landscaping had such a duty.

Plaintiff had an ample opportunity to conduct discovery in advance of NG Landscaping's motion for summary judgment. For instance, plaintiff could have deposed other individuals at Entenmann's who might have had knowledge of snow or ice removal at the property, other than the deceased employee. He failed to do so.

In sum, plaintiff's claims of a negligent breach of duty by NG Landscaping are not based upon competent evidence but instead upon speculation. Mere speculation, however, cannot support a

cause of action or prevent the entry of summary judgment. Merchants Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005) (noting that mere speculation will not bar summary judgment); see also Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (similarly applying this principle). The elements of negligence must be supported by competent proof and cannot be presumed from the happening of an accident. Buckelew v. Grossbard, 87 N.J. 512, 525 (1981).

Plaintiff's remaining contentions on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0076-17T2